**Jeffrey S. BELL, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**Court No. 92–11–00764.**
**Slip Op. 93–218.**

United States Court of
International Trade.

Nov. 19, 1993.

Daniel M. Ogden, Washington, DC, for plaintiff.

Frank Hunger, Asst. Atty. Gen., Joseph I. Liebman, Attorney-in-Charge, Intern. Trade Field Office, Commercial Litigation Branch, Civil Div., U.S. Dept. of Justice, (John J. Mahon), U.S. Customs Service, of counsel, for defendant.

### *MEMORANDUM & ORDER*

GOLDBERG, Judge:

On November 16, 1992, plaintiff filed a Summons and Complaint with this court, contesting the decision of the Secretary of the Treasury to affirm the denial of plaintiff's application for a customs broker's license. Plaintiff has moved for leave to present additional evidence. This court has jurisdiction under 28 U.S.C. § 1581(g)(1) (1988) to review the Secretary's decision to affirm the denial of a customs broker's license under 19 U.S.C. § 1641(b)(2) (1988); 19 C.F.R. §§ 111.16, 111.17 (1993).

### BACKGROUND

On September 1, 1989, plaintiff, Jeffrey S. Bell, applied to the Customs Service for an individual customs broker's license under 19 U.S.C. § 1641(b)(2) (1988). Shortly thereafter, plaintiff passed the written broker's examination required by 19 C.F.R. § 111.13 (1993). Customs conducted a background investigation of plaintiff and issued its report on December 5, 1989, pursuant to 19 C.F.R. § 111.14 (1993). Administrative Record ("Ad.Rec."), Attachment U.

At the time of his license application and background investigation, plaintiff was employed by Alliance Broker's International, Inc. ("Alliance"). Since its incorporation on December 7, 1988, Bell has served as vice-president and as a director of Alliance. Previously, from 1980 to December 1988, Bell had been employed as an account executive with Expeditors International, Inc. ("Expeditors"). *Id.*

Shortly before issuing the investigation report regarding Bell's individual customs bro-

ker's license, Customs issued its investigation report on Alliance's corporate broker's license application on September 13, 1989. Ad.Rec., Attachment V. In the Alliance investigation, Customs interviewed Joe Ramos, president of Expeditors. Ramos claimed that while employed by Expeditors, Bell had accepted kickbacks totalling approximately $1,000 from Mike Hooks, an employee of Empire Truck Lines. Ramos filed formal charges against Bell for criminal bribery, but the Tarrant County District Attorney's Office declined to prosecute the case due to the lack of verifiable information. In addition to the insufficient evidence, the small dollar amount involved was a contributing factor. The Bell and Alliance investigations also noted several reference interviews with individuals who each commented on Bell's acceptance of alleged kickbacks. *Id.*

Although Bell admitted that he accepted money from Hooks when asked by Customs investigators, he also argued that Ramos, his employer, had granted him permission to do so. Given Ramos' apparent consent, Bell regarded the money as legitimate commissions. If the payments had been illegitimate, Bell claims he would not have had the checks mailed to his home nor would he have reported the extra income on his annual tax returns. Bell also hypothesized that the derogatory statements stemmed from Ramos' resentment over Bell's departure from Expeditors to start Alliance, a competing customhouse brokers company. Ad.Rec., Attachment V.

On May 23, 1990, Joe Ramos wrote a letter to Customs Special Agent Linda Fairchild admitting that his comments during the investigation regarding Bell "were made at a highly emotional time and were biased." Ad. Rec., Attachment Q. Ramos admitted that he incorrectly stated that Bell had taken

Expeditors documents when Bell left Expeditors to start Alliance.

In a letter dated April 12, 1991, Customs informed Bell that his license application had been denied. Ad.Rec., Attachment M. The denial was based upon "derogatory information" regarding plaintiff disclosed during the investigation. The April 12, 1991 denial letter noted that plaintiff admitted to "accepting money in the form of kick-backs" and that the payments totaled approximately $900. The letter quoted the entire provision of 19 C.F.R. § 111.16(b)[1] but did not specify the provision and pertinent facts that were the basis for denying Bell's license application.

On May 16, 1991, pursuant to 19 C.F.R. § 111.17(a) (1993), plaintiff appealed his license denial to the Commissioner of Customs. Ad.Rec., Attachment K. Bell charged that Customs' investigations were not thorough and made several erroneous generalized conclusions in denying his application. Protesting Customs' finding that he received "kick-backs," Bell again described his receipt of payments as "freely offered commission[s]" that Ramos had verbally sanctioned. *Id.* Bell said that other Expeditors' employees as well as other customs brokers accepted similar commissions. Plaintiff further declared that he was a "victim of a vindictive previous employer." *Id.*

As he requested in his appeal letter, Customs Service officials Jerry Laderberg and Robert Page met with Bell on June 27, 1991. Ad.Rec., Attachments E & F. Aside from establishing the date of the meeting, the administrative record, however, does not contain a record of the matters discussed.

On July 26, 1991, the office of the Customs Service Commissioner denied plaintiff's appeal, specifically citing 19 C.F.R. § 111.-16(b)(3), (4), and (6). Ad.Rec., Attachment D. The Commissioner's letter, however,

---

1. *(b) Grounds for denial.* The causes sufficient to justify denial of an application for a license shall include, but need not be limited to:

    (1) Any cause which would justify suspension or revocation of the license of a broker under the provisions of § 111.53;

    (2) The failure to meet any requirement set forth in § 111.11;

    (3) A failure to establish the business integrity and good character of the applicant;

    (4) Any willful misstatement of pertinent facts in the application;

    (5) Any conduct which would be deemed unfair in commercial transactions by accepted standards;

    (6) A reputation imputing to the applicant criminal, dishonest, or unethical conduct, or a record of such conduct.

19 C.F.R. § 111.16(b) (1993).

lacked any discussion of the facts supporting any of the three cited grounds for Bell's application denial.

On September 25, 1991, plaintiff filed with the Secretary of the Treasury an appeal of the Commissioner's decision to affirm the initial denial of plaintiff's broker's license application, pursuant to 19 C.F.R. § 111.-17(b) (1993). Ad.Rec., Attachment A. Plaintiff's appeal requested that Treasury reverse the denial of plaintiff's application, or alternatively, that Treasury remand the case to the Customs Service with instructions that a thorough and complete investigation of plaintiff be performed, focusing on the allegations that plaintiff accepted illegal payments. Plaintiff also requested either a formal or informal on-the-record hearing to allow him the opportunity to present additional evidence.

On April 17, 1992, Joe Ramos wrote a letter to Customs officials further explaining the circumstances surrounding his comments regarding Bell and the alleged kickbacks. Ad.Rec., Attachment C. Ramos admitted that when Bell approached him to ask about the propriety of accepting commissions from truck lines, he thought Bell was asking the question jokingly. Thus, Ramos, also in jest, replied that Bell could accept the money as commissions. Ramos assumed that Bell understood that the entire exchange was tongue in cheek. Upon reflection, Ramos noted that Bell might have honestly and in good faith misconstrued his statement as consent to accept the money.

Nearly one year after plaintiff's appeal was filed, on September 15, 1992, Treasury sent plaintiff a one-page letter denying his appeal. Plaintiff's Complaint, Exhibit F. The letter stated that "[a]fter thorough consideration of the facts as presented in the administrative record, [the Secretary of the Treasury found] sufficient grounds for denying [plaintiff's] appeal ... pursuant to 19 CFR 111.16(b)." No specific grounds for the denial of plaintiff's application were discussed.

Plaintiff commenced this civil action seeking review of the decision of the Secretary of the Treasury to affirm the denial of plaintiff's license application. Plaintiff seeks judgment reversing Treasury's decision and directing Customs to grant plaintiff a customs broker's license. Alternatively, plaintiff requests that the court remand this case for reconsideration of all evidence regarding the factual findings made by Customs.

Plaintiff has moved for leave to present additional evidence to that contained in the agency record before the court. The government argues that plaintiff has not demonstrated that the evidence he wishes to present is "additional" or that reasonable grounds existed for the failure to present such evidence at the administrative level as prescribed by 19 U.S.C. § 1641(e)(4).

## DISCUSSION

An applicant may appeal the decision of the Secretary of Treasury denying a customs broker's license by filing with this court a written petition requesting that the decision be modified or set aside in whole or in part. 19 U.S.C. § 1641(e)(1) (1988).

### A. Scope and Standard of Review

■ As an initial matter, the court addresses the apparent inconsistency in the statutes providing for the court's standard of review of broker's license denial actions.

The Secretary of the Treasury has authority over matters involving customs brokers under section 641 of the Tariff Act of 1930 (codified as amended at 19 U.S.C. § 1641 (1988)). Section 1641(e) sets forth the provisions regarding judicial appeal of broker's license matters. The Secretary's findings of fact shall be conclusive "if supported by *substantial evidence*." 19 U.S.C. § 1641(e)(3) (1988) (emphasis added).

Certain types or categories of actions before this court, however, are to be determined "upon the basis of the record made before the court." 28 U.S.C. § 2640(a) (1988).[2] Among these are actions involving a

---

**2.** The Court of International Trade shall make its determinations upon the basis of *the record made before the court* in the following categories of civil actions:

(5) Civil actions commenced to review any decision of the Secretary of the Treasury under section 641 of the Tariff Act of 1930, with the exception of decisions under section

review of the Secretary of the Treasury's determination to affirm Customs' denial of a broker's license.

Plaintiff argues that 28 U.S.C. § 2640(a)(5) is in fatal conflict with 19 U.S.C. § 1641(e)(3). Plaintiff asserts that 2640(a)(5) requires license denial actions to be conducted as a trial *de novo* before the court. Plaintiff further asserts that *de novo* review precludes the court from considering the agency record. Plaintiff argues it is contradictory that, on the one hand, license denial actions are to be determined upon the record made before the court under 28 U.S.C. § 2640(a)(5), while, on the other hand, the court is bound by the Secretary's findings unless they are not supported by substantial evidence, as provided by 19 U.S.C. § 1641(e)(3).

In defining the proper scope and standard of review for license denial actions, the court notes that it is preferable to harmonize apparently conflicting statutes, so as to give effect to both. *United States v. Shewmaker,* 936 F.2d 1124 (10th Cir.1991); *see Watt v. Alaska,* 451 U.S. 259, 267, 101 S.Ct. 1673, 1678, 68 L.Ed.2d 80 (1981); *United States v. Moore,* 95 U.S. 760, 763, 24 L.Ed. 588 (1878).

Plaintiff's arguments are misplaced. Plaintiff's error lies in its assumption that "record made before the court" mandates *de novo* review. The term *de novo* may refer to a review that is without deference to the agency's findings. *De novo,* however, also means that the court's scope of review need not be limited to the agency record. *See* 2 Steven A. Childress & Martha S. Davis, *Federal Standards of Review* § 15.02 (2d ed. 1992) ("The phrase *de novo review* may allow for court-generated additions to or substitutions for the agency's record"). In license denial cases, "record made before the court" refers not to the standard of review, but to the scope of information that the court shall ultimately review on appeal. *See Gibraltar Sav. v. Ryan,* 772 F.Supp. 1290, 1292–93 (D.D.C.1991). This includes, but is not limited to, the original administrative record that was the basis of the Secretary's decision.

641(d)(2)(B) [i.e. license suspension and revocation cases], which shall be governed by subdivision (d) of this section [i.e. 5 U.S.C. § 706 (1988) ].

*See Quesinberry v. Life Ins. Co. of North America,* 987 F.2d 1017, 1021 (4th Cir.1993).

In license denial actions before the court, a party is provided the statutory right to present additional material evidence. 19 U.S.C. § 1641(e)(4) (1988). If a party fails to satisfy the statutory requirements to present additional evidence, the "record made before the court" will be limited to the administrative record. *ITT Corp. v. United States,* 17 CIT ——, 812 F.Supp. 213 (1993). If, however, a party satisfies the statutory criteria to present additional evidence, the court will order the Secretary to review the additional evidence on remand. Plaintiff urges the court to conduct a *de novo* review of additional evidence pursuant to 28 U.S.C. § 2640(a). Judicial discretion, however, weighs in favor of remand for further agency proceedings as the better procedure in this type of action. *See Secretary of Labor v. Farino,* 490 F.2d 885, 892 (7th Cir.1973).

Remand is appropriate because it would not be consistent with the statutes to substitute the judgment of this court for that of the agency authorized to initially decide appeals from broker's license denials. *See Farino,* 490 F.2d at 892 (quoting *Moore–McCormack Lines, Inc. v. United States,* 413 F.2d 568, 588–590, 188 Ct.Cl. 644 (1969)); *Chemical Mfrs. Ass'n v. Federal Maritime Comm'n,* 900 F.2d 311, 317 (D.C.Cir.1990). Customs and the Secretary of the Treasury have greater expertise to evaluate an applicant's qualifications for licensing as a customs broker. Legislative history indicates that the Secretary is granted broad powers to regulate the licensing of customs brokers in order to protect importers and the revenue of the United States. S.Rep. No. 1170, 74th Cong., 1st Sess. 3 (1935); *see United States v. Federal Ins. Co.,* 5 Fed.Cir. (T) 16, 22–24, 805 F.2d 1012, 1017–1019 (1986). Congress clearly intended that Customs and the Treasury Department make the initial appeal determinations; judicial oversight of license denials is not appropriate until administrative remedies are exhausted. *Allen v. Regan,* 9

28 U.S.C. § 2640(a)(5) (1988) (emphasis added).

CIT 615, 1985 WL 25791 (1985). Thus, any additional evidence in broker's license actions considered on judicial appeal should first be remanded and reviewed at the administrative level. 19 U.S.C. § 1641(e)(4) (1988).

In sum, the court finds that when statutory criteria for presenting additional evidence are met, the appropriate procedural device is remand to the Secretary of the Treasury for reconsideration in light of the additional evidence presented. The Secretary may modify the findings of facts on the basis of such additional evidence presented. 19 U.S.C. § 1641(e)(4) (1988). If plaintiff appeals the Secretary's subsequent remand results, the court will base its determination upon the administrative record augmented by the additional evidence presented. The court will subsequently uphold the Secretary's findings and conclusions only if they are supported by substantial evidence in the augmented administrative record.

## B. Additional Evidence

Plaintiff has moved to seek leave to present additional evidence to the agency record that is before the court. The court may grant a motion for leave to present additional evidence if the court finds that the evidence is **additional, material** and that **reasonable grounds existed** for the failure to present the evidence at the administrative level, pursuant to 19 U.S.C. § 1641(e)(4) (1988).[3]

Defendant does not challenge that the evidence is material to plaintiff's complaint. Defendant, however, argues that plaintiff has not demonstrated that the evidence presently offered is "additional" to the administrative record made before the agency. Even if the evidence is additional, defendant argues that plaintiff has not shown that there were rea-

sonable grounds for his failure to present the evidence at the administrative level.

Plaintiff offers a list of evidence to be presented. Included is a retraction from a Customs District Director of an initial recommendation that Bell's application be denied. Other evidence refers to statements made by individuals interviewed during Bell's background investigation, including Ramos, Sherri Johnson–Desjardin, Ken Lopez, Mike Hooks, and Roger Littleton. Plaintiff offers information regarding the matters discussed between Bell and Customs Service officials Jerry Laderberg and Robert Page on June 27, 1991. Furthermore, plaintiff offers evidence regarding the decision processes used by Customs, the Commissioner, and the Secretary of Treasury in denying Bell's license application.

In applying 19 U.S.C. § 1641(e)(4), the court first examines defendant's assertion that the evidence plaintiff offers is not new or additional, but that it already received consideration at the administrative level. Letters from Ramos retracting his derogatory statements toward Bell are included in the agency record before the court. The record, however, does not address the obvious conflict between Ramos' initial allegations and his subsequent retraction. Although defendant correctly notes that plaintiff has not described his proposed additional evidence in detail, the court believes that any additional evidence would help clarify the inconsistencies and naked conclusions contained in the agency record. Thus, the court will accept plaintiff's proposed additional evidence in order to place the statements regarding Bell's ethical and business integrity in their proper and accurate context.

Second, the court examines whether the proposed additional evidence is material to the case. Evidence is material where

---

**3.** This provision provides:

> If any party applies to the court for leave to present additional evidence and the court is satisfied that the *additional* evidence is *material* and that *reasonable grounds existed for the failure to present the evidence* in the proceedings before the hearing officer, the court may order the additional evidence to be taken before the hearing officer and to be presented in a manner and upon the terms and conditions

> prescribed by the court. The Secretary may modify the findings of facts on the basis of the additional evidence presented. The Secretary shall then file with the court any new or modified findings of fact which shall be conclusive if supported by substantial evidence, together with a recommendation, if any, for the modification or setting aside of the original decision or order.

> 19 U.S.C. § 1641(e)(4) (1988) (emphasis added).

there is a reasonable possibility that it would change the outcome of the Secretary's determination. *See Sears v. Bowen,* 840 F.2d 394, 400 (7th Cir.1988). The credibility of Ramos' derogatory statements in conjunction with plaintiff's good faith belief that he had Ramos' permission to accept Hooks' payments as commissions directly affects a determination of whether the accusations that Bell received kickbacks are supported by substantial evidence. The proposed evidence conflicts with that contained in the administrative record and may well change the outcome of Customs' determination. Therefore, the court finds that plaintiff's proposed evidence is material and should be considered upon remand.

Finally, the court finds that reasonable grounds existed for plaintiff's failure to present his proffered evidence at the administrative level. A formal hearing is not required by statute in license denial cases, in contrast to license revocation or suspension cases. *See* 19 U.S.C. § 1641(d)(2)(B) (1988). Plaintiff, however, did attempt to have his additional evidence heard by both the Commissioner of Customs and the Secretary of the Treasury, only to be summarily denied at each level without adequate explanation. Any failure by plaintiff to present evidence at the administrative level resulted from the agencies' unwillingness to accept plaintiff's offered evidence. Defendant may not rebuff plaintiff's repeated attempts to present new evidence without explanation and then subsequently argue that plaintiff unreasonably failed to present that evidence at the administrative level.

Thus, the court finds that plaintiff has satisfied the requirements of 19 U.S.C. § 1641(e)(4) in order to be granted leave to present additional evidence to the court. The proposed evidence is not contained in the administrative record, is material to the decision to grant or deny plaintiff's license, and reasonable grounds existed for why the evidence was not presented at the administrative level.

## C. Adequate Explanation

Customs must provide an adequate explanation of its decision to deny a customs broker's license. *See Pietrofeso v. United States,* 16 CIT ——, —— ——, 801 F.Supp. 743, 750–51 (1992). In *Pietrofeso,* plaintiff challenged the Secretary's decision to affirm Customs' denial of her license application. Finding "only the weakest hearsay evidence" linking applicant's husband to organized crime or criminal activity in the venue in which the applicant sought to work, the *Pietrofeso* court remanded the case to the Secretary "to analyze the data in the record for reliability, gather new data if necessary, explain his conclusions and, if the conclusions are adverse to plaintiff, give plaintiff an opportunity to respond." *Id.* 16 CIT at ——, 801 F.Supp. at 751.

In the present case, the Secretary's terse one-page letter summarily affirming Customs' denial of plaintiff's application fails to address either the factual basis or the reasoning underlying its determination. While the government is not required to explain the basis for its decision to deny plaintiff's license application in minute detail, administrative agencies must still articulate the factual underpinnings of their findings. *Kent Farm Co. v. Hills,* 417 F.Supp. 297, 302–03 (D.D.C.1976). To affirm the denial of Bell's application on the basis of a reputation for dishonest or unethical conduct, the Secretary must articulate a satisfactory explanation, including a "'rational connection between the facts found and the choice made.'" *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.,* 463 U.S. 29, 43, 103 S.Ct. 2856, 2867, 77 L.Ed.2d 443 (1983) (quoting *Burlington Truck Lines, Inc. v. United States,* 371 U.S. 156, 168, 83 S.Ct. 239, 246, 9 L.Ed.2d 207 (1962)). License applications may not be denied merely upon the basis of rumor and hearsay; speculation may not be substituted for probative facts. *Galloway v. United States,* 319 U.S. 372, 395, 63 S.Ct. 1077, 1089–90, 87 L.Ed. 1458 (1943).

In its initial review, Customs did not refer to any incident other than the alleged kickbacks as grounds for Bell's license denial. In subsequent levels of review, neither the Commissioner nor the Secretary addressed the inconsistencies, contradictions, and biases that undermine the reliability of the administrative record relied upon in their decisions.

The Secretary has failed to acknowledge the withdrawn allegations and their impact on the determination of Bell's character or business integrity.

The court remands this case to the Commissioner of Customs to order a review of the additional evidence to be submitted by plaintiff. The Commissioner shall report to this court within 60 days of this order the remand results that are to be based upon the entire administrative record, including the additional evidence presented. The Commissioner may modify the findings of facts on the basis of such additional evidence. *See* 19 U.S.C. § 1641(e)(4) (1988). The Commissioner shall then file with the court any new or modified findings of fact together with any recommendation for modifying or setting aside the original decision. *Id.*

This remand gives Customs officials the opportunity to articulate a thorough explanation that clearly states the factually supported reasons for granting or denying Bell's license application. The court notes, however, that the burden remains on plaintiff to establish his business integrity and good character in order to be granted a customs broker's license. 19 C.F.R. § 111.16(b)(3) (1993). The remand results shall address the key issues in this case including the reliability of the factfinding procedures used by Customs investigators, the credibility of the kickback allegations, and the validity of Ramos' alleged consent. All must be explained in sufficient detail. Finally, if Customs should discern other grounds for denying Bell's license application, the factual basis and the reasoning supporting such a conclusion shall be clearly stated.

Therefore, upon consideration of plaintiff's Motion for Leave to Present Additional Evidence, it is hereby

**ORDERED** that plaintiff's motion is granted; it is further

**ORDERED** that plaintiff is granted leave to present evidence additional to that contained in the agency record before the court; and it is further

**ORDERED** that this matter is remanded for sixty days within which the Secretary shall report to this court his findings and conclusions.