**Mary Jo GERMSCHEID, Plaintiff,**

v.

**UNITED STATES SECRETARY OF the TREASURY, Defendant.**

Court No. 94–06–00341.
Slip Op. 95–93.

United States Court of International Trade.

May 17, 1995.

Mary Jo Germscheid, pro se.

Frank Hunger, Asst. Atty. Gen., Joseph I. Liebman, Attorney-in-Charge, Intern. Trade Field Office, Commercial Litigation Branch, Civil Div., U.S. Dept. of Justice (Mikki Graves Walser, Trial Atty.), Washington, DC, for defendant.

## MEMORANDUM OPINION AND ORDER

NEWMAN, Senior Judge:

Plaintiff Mary Jo Germscheid appeals from the decision of the Secretary of the Treasury affirming the denial by the United States Customs Service ("Customs") of a customs broker's license and seeks judgment on the agency record in conformance with Rule 56.1 of the Rules of the United States Court of International Trade. The Government cross-moves.

The court has jurisdiction under 28 U.S.C. § 1581(g) to review the Secretary's decision pursuant to 19 U.S.C. § 1641(b)(2); 19 C.F.R. §§ 111.16, 111.17.

### BACKGROUND

On August 24, 1990 plaintiff was denied a customs broker's license by Customs because a background investigation conducted pursuant to 19 C.F.R. § 111.14 had revealed numerous criminal violations by plaintiff involving drug use, driving while intoxicated ("DWI") and two cases of assault on a police officer. Accordingly, in its letter to plaintiff, date stamped August 24, 1990, Customs based its decision to deny the application for a license on 19 C.F.R. §§ 111.16(b)(1), (2), (3), and (6).

In the course of the background investigation, plaintiff was interviewed by two investigators of the office of the Special Agent in Charge in Minneapolis. The notes of the interview, which are included in the record, reflect that plaintiff had committed two DWI violations in the 1970's, admitted using illegal drugs as a teenager, and that she had smoked marijuana within six months prior to the interview. The interviewers further reported that she had stated she would consider smoking marijuana in the future if anyone offered her the opportunity.

Plaintiff appealed the denial of the license at Customs. Through a letter from her attorney, plaintiff denied the interviewers' report that she had admitted using marijuana in the recent past or might do so in the

future. In December 1990, after reviewing plaintiff's appeal of the original decision, Customs upheld the accuracy of the investigators' report and adhered to its decision.

Plaintiff thereupon appealed Customs' denial of her appeal to the Secretary of the Treasury ("the Secretary"). On August 2, 1991 the Assistant Secretary for Enforcement, Peter Nunez, noted that plaintiff's admission of recent drug use in the report was ambiguous and had been denied by plaintiff through a letter by her attorney. Nunez requested that Customs investigate further.

Plaintiff was interviewed a second time on October 11, 1991 and again denied having used illegal substances since 1978. The investigators uncovered no additional information in derogation of her character at that time. The report of the October 1991 follow-up investigation was not forwarded to the Secretary, however, until November 1992.

Treasury determined, that in the absence of additional derogatory information concerning plaintiff's character, the license would likely be issued. However, due to the long period following the October 1991 investigation, the Special Agent in Charge in Minneapolis was requested on March 1, 1993 to conduct a final up-to-date search of plaintiff's criminal record. In the course of that investigation, Customs discovered that on August 4, 1990 plaintiff was arrested by a Minnesota State Trooper for refusing to take a breathalyzer test. According to the police report, plaintiff became abusive during the arrest, which prompted the officer to tape record the incident. The record establishes, in a report dated April 5, 1993, that plaintiff was subsequently convicted of a DWI violation. The investigation further uncovered information, that in an appeal of the revocation of her driver's license, plaintiff falsely stated that she had not been read a consent advisory in connection with the alcohol breath test.[1]

Following the April 5, 1993 report, the record contains memoranda circulated within Treasury and Customs. In May 1993 John P. Simpson, Deputy Assistant Secretary, noted the April 1990 DWI conviction and requested a review from Ronald Noble, Assistant Secretary. After review, Noble noted that the admission of recent drug use was uncorroborated and had been clarified, and expressed reluctance to deny a license based solely on an DWI conviction that was three years old. On balance, Noble expressed an opinion that the license should be granted. On March 3, 1994 Simpson requested that Customs conduct further review. On April 8, 1994 the Commissioner responded, highlighting the August 1990 DWI offense and the subsequent false statements made by plaintiff. The Commissioner concluded that plaintiff's unhappy experiences with law enforcement stemmed not from youthful indiscretion but from a lack of integrity, and recommended that Simpson deny the appeal.

On May 2, 1994 Simpson sustained the Commissioner's denial of a customs broker's license and so advised plaintiff. Simpson wrote, in relevant part:

> After thorough consideration of the facts as presented in the administrative record, I conclude that there is sufficient grounds for denying your appeal under the authority of 19 CFR 111.16(b)(3) which provides that a broker's license may be denied for "failure to establish ... business integrity and good character."

> Applicants for Customs broker's licenses bear the burden of establishing the good character required of all licensed Customs brokers. There are specific instances documented in the administrative record that bear on your character and that I believe you have not successfully refuted. First, I believe that your statements made to Treasury with respect to your 1990 arrest and conviction of driving while under the influence have not been adequately forthcoming. Moreover, the record indicates that statements which you have made claiming that the state trooper who arrested you failed to advise you of your rights have not been truthful. Finally, this conviction is the most recent incident of what I would

1. Plaintiff had denied that the officer read her the "Minnesota Implied Consent Advisory." The officer subsequently produced the cassette tape which he had recorded during the arrest and established that the warning had, in fact, been given to plaintiff. Plaintiff then withdrew her appeal of the license revocation and pleaded guilty to driving under the influence.

suggest demonstrates a pattern of disregard for Minnesota law regarding driving under the influence, which, I conclude, reflects negatively on your character. In sum, I conclude that you have failed to satisfy the burden imposed on you to establish your good character and suitability to serve as a licensed Customs broker.

Letter of John P. Simpson to Mary Jo Germscheid dated May 2, 1994. Simpson further advised plaintiff that she could appeal his decision under 19 C.F.R. § 111.17(c) to this Court within 60 days.

Accordingly, on June 6, 1994 plaintiff filed a Summons and Complaint with the Clerk of this Court commencing the instant action, contesting the decision of the Secretary to affirm the denial of her application for a customs broker's license.

## STANDARD OF REVIEW

■ As a threshold matter, under 28 U.S.C. § 2640(a)(5) judicial review of the decision of the Secretary of the Treasury to affirm the denial of a customs broker's license is to be determined "upon the basis of the record made before the court." The court's review, however, will be limited to the record of the agency proceedings unless the plaintiff seeks leave to present additional evidence to the court pursuant to 19 U.S.C. § 1641(e)(4), thereby permitting the matter to be remanded to the agency for further review in light of the newly submitted evidence. *See Bell v. United States,* 17 CIT ——, 839 F.Supp. 874, 878 (1993).

As plaintiff has not submitted additional evidence for review, the court must restrict its review to the agency record. The Secretary's findings of fact are conclusive and binding upon the court if they are supported by substantial evidence. 19 U.S.C. § 1641(e)(3). *See also Bell, supra,* 17 CIT at ——, 839 F.Supp. at 878; *Pietrofeso v. United States,* 16 CIT 751, 752, 801 F.Supp. 743, 744–45 (1992). Substantial evidence is more than a mere scintilla and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Fusco v. United States Treasury Department,* 12 CIT 835, 838–39, 695 F.Supp. 1189, 1193 (1988) (quoting *Consolidated Edison Co. v.*

*NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938)). "[T]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." *Consolo v. Federal Maritime Comm'n,* 383 U.S. 607, 619–20, 86 S.Ct. 1018, 1026, 16 L.Ed.2d 131 (1966). In the same vein, the court may not substitute its judgment for that of the agency, even if the court might "justifiably have made a different choice had the matter been before it *de novo.*" *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 488, 71 S.Ct. 456, 465, 95 L.Ed. 456 (1951).

## DISCUSSION

### I.

In the case at bar, the Secretary based his decision to deny plaintiff's appeal and sustain the decision of Customs to deny her a customs broker's license on 19 C.F.R. § 111.16(b)(3). This regulation provides, in pertinent part:

(b) *Grounds for denial.* The causes sufficient to justify denial of an application for a license shall include, but need not be limited to:

\* \* \* \* \* \*

(3) A failure to establish the business integrity and good character of the applicant;

19 C.F.R. § 111.16(b)(3) (1994).

The focus of the plaintiff's case is her assertion that several facts relied upon by the Secretary in determining that she had not met the burden of showing business integrity and good character were untrue. In particular, plaintiff focuses upon the Secretary's reference to the August 1990 DWI conviction and the surrounding events, as well as the controversy over whether she disclosed during the first interview with the investigators that she had recently used illegal drugs.

Defendant maintains, that by the time of the second interview, plaintiff had been arrested and convicted on her fourth DWI charge in Minnesota and failed to disclose that fact. Defendant asserts that the Secre-

tary's findings in that matter were supported by substantial evidence, including her various arrests and convictions, admissions to the investigators in the first interview concerning recent and possible future drug use, and her conduct in connection with the final DWI.

Initially, the court notes that the Secretary's decision was not finally based upon the report of the first investigatory interview. The agency had already noted some ambiguity in the report and the investigators' notes as to whether plaintiff had herself used illegal drugs at the event in question. Plaintiff immediately contested the accuracy of the investigator's report in this respect. The record establishes, that because plaintiff persisted in her denial of drug use after 1978 in the second interview, and in view of the lack of evidence corroborating the prior report of drug use, the agency plainly retreated from the issue of recent drug use as a basis for denying the license. Thus, the court does not regard the alleged statement by plaintiff to the investigators in the first interview as constituting substantial evidence in support of the Secretary's findings.

The Secretary is on stronger ground in connection with the plaintiff's DWI violations and the 1990 DWI incident in particular. Plaintiff does not contend that the events described in the record in connection with that incident are inaccurate, although she raises as a defense that the warnings read to her by the State Trooper were "confusing".

█ Evidence of a lack of candor in connection with a criminal violation cannot be ignored by an agency that relies upon customs brokers as the link between the government on the one hand and importers and exporters on the other. The Secretary reasonably could conclude that plaintiff's failure to disclose this incident to the investigators in her second interview was evidence of a lack of honesty. Moreover, the State Trooper's statements to the Customs investigators concerning the license revocation in Minnesota were certainly probative evidence upon which the Secretary could determine that plaintiff was capable of submitting false declarations, thereby impacting the agency's evaluation of plaintiff's business integrity.[2] It is ultimately the province of the Secretary to determine the reliability of such evidence and to assess what weight it should carry in light of the balance of the record evidence. Accordingly, the court concludes that the Secretary's findings are supported by substantial evidence and must be sustained.

## II.

Finally, plaintiff takes issue with the delays that have taken place during the review of her appeal. In essence, plaintiff raises a due process argument.

To be sure, it took just under four years between the initial denial of plaintiff's application for a license and the final determination of the Secretary denying the appeal. Simpson himself recognized the seriousness of the delay in May 1993 in a memorandum to Assistant Secretary Noble.

█ Nevertheless, the court is persuaded that no due process violation has occurred. First, plaintiff has neither a property nor a liberty interest in obtaining a customs broker's license. *See Pietrofeso*, 16 CIT at 755–56, 801 F.Supp. at 747 (statute and regulations leave issuance of license to discretion of

---

2. Admittedly, the findings were based upon the hearsay statements of the Minnesota State Trooper, made to the investigators during Customs' final investigative review of plaintiff's criminal record. Nevertheless, under the Administrative Procedure Act, a federal agency may consider relevant and material hearsay. *See Tarnove v. Bentsen*, 17 CIT 1324, Slip Op 93–233 at 5, 1993 WL 512434 (December 10, 1993) (citing, *inter alia, Richardson v. Perales*, 402 U.S. 389, 410, 91 S.Ct. 1420, 1431, 28 L.Ed.2d 842 (1971)). Moreover, under appropriate circumstances, hearsay may constitute substantial evidence. *See Richardson v. Perales, supra,* 402 U.S. at 402, 91 S.Ct. at 1427–28 (hearsay may be relied upon by agen-

cy when indicia of reliability and probative value present); *Johnson v. United States*, 628 F.2d 187, 190–91 (D.C.Cir.1980) (same). Here, the report was plainly relevant to the issue of plaintiff's honesty and compliance with the law. Moreover, as to the customs broker's license, the State Trooper may be viewed as a disinterested source of evidence. Finally, plaintiff herself does not dispute the officer's account, except to say that the advisory was confusing. In light of the foregoing, the court is satisfied that sufficient indicia of truthfulness, reasonableness and credibility exist to justify the Secretary's reliance upon the report.

Secretary and do not create entitlement). Second, to the extent that plaintiff does have a right to a procedurally fair review of her application for a broker's license, neither the statute nor the regulations impose upon the Secretary a duty to conduct an investigation into said application within a particular time; hence, the Secretary's actions did not violate due process. *See Tarnove, supra,* 17 CIT at ——, Slip Op. at 11 (citing *Allen v. Regan,* 9 CIT 176, 177, 607 F.Supp. 133, 134 (1985)). Indeed, the record reveals that the delay was caused, in large part, by a careful attempt on the part of the agency to investigate, report and then reconsider its findings in the light of the fullest possible record.

### III.

In consideration of the foregoing, the court concludes that the Secretary's findings are supported by substantial evidence. Additionally, the time taken by Customs and the Secretary for acting on plaintiff's application for a license did not violate due process.

Plaintiff's motion for judgment on the agency record is DENIED. Defendant's cross-motion is GRANTED. Accordingly, it is ORDERED that this action be, and it hereby is, DISMISSED.

### JUDGMENT

This case having been duly submitted for decision and the Court, after due deliberation, having rendered a decision herein; now, in conformity with said decision,

IT IS HEREBY ORDERED:

1. Plaintiff's motion for judgment on the agency record is DENIED.

2. Defendant's cross-motion for judgment on the agency record is GRANTED.

3. The action is DISMISSED.