STELLA M. RUDLOFF, PLAINTIFF *v.* UNITED STATES, ET AL., DEFENDANTS

Court No. 95–01–00002

(Dated August 10, 1995)

*Law Offices of Michael P. Maxwell (Michael P. Maxwell* and *Edith Sanchez Shea)* for plaintiff.

*Frank W. Hunger,* Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice *(Susan Burnett Mansfield), Senoria K. Clarke,* Office of the Chief Counsel, United States Customs Service, of counsel, for defendants.

## OPINION

RESTANI, *Judge:* Plaintiff Stella M. Rudloff ("Rudloff") challenges a decision of the Secretary of the Treasury affirming the denial by the United States Customs Service ("Customs") of her request for credit on a response to a question on the April 4, 1994 Customs broker examination. Before the court is defendants' motion to strike certain arguments in and exhibits accompanying plaintiff's motion for summary judgment, on the basis that the arguments and exhibits were not presented to Customs or to the Secretary of the Treasury in the underlying administrative proceedings. For the reasons that follow, defendants' motion is granted in part.

## FACTUAL BACKGROUND

On April 4, 1994, Rudloff took the Customs broker examination for the purpose of obtaining a Customs broker license. Rudloff initially received a score of 73, two points below a passing score.[1] She appealed her grade on July 18, 1994, by submitting a written protest to Customs challenging Customs' answers to questions 33 and 34. Specifically, Rudloff asserted that she had correctly answered both questions and consequently should have received credit for them.

Customs notified Rudloff on August 29, 1994, that her appeal as to question 33 had been granted and her grade had been raised to a 74. Customs, however, found Rudloff's answer to question 34 to be incorrect and denied her appeal as to this question, thus effectively denying her a Customs broker license. Rudloff submitted a written appeal to the Secretary of the Treasury on October 26, 1994, protesting Customs' adverse decision. The denial of credit for question 34 was later affirmed by the Secretary of the Treasury on November 22, 1994. Suit in this court subsequently followed.

---

[1] A passing score on the Customs broker examination is a 75. 19 C.F.R. § 111.13(e) (1994).

Rudloff has filed a motion for summary judgment asserting that her answer to question 34 is correct and should therefore receive credit for the question. In addition, Rudloff contends that the entire Customs broker examination should be declared invalid because it is unfair. In part, she claims that the Customs broker examination does not test for any "core knowledge"[2] an applicant may have about conducting the Customs business. As a result, Rudloff claims that question 34 should be declared improper and that she be given a passing grade on the Customs examination.[3]

Rudloff also asserts that the administrative appeals process violated her due process rights because she was not able to seek the assistance of counsel in preparing her initial intra-agency appeal.[4] Rudloff maintains that Customs is attempting to minimize the number of applicants who pass the test by preventing attorneys from preparing such appeals. According to Rudloff, this practice is "plainly an unconstitutional attempt to avoid fundamental fairness in the administration of the Customs broker examination."[5] Pl.'s Mem. in Supp. Mot. Summ. J. at 14. As a result of the unfair manner in which Customs administers the test, Rudloff claims that she should be given a passing grade on the April 4, 1994 Customs broker examination.[6]

Defendants in response filed a motion to strike portions of Rudloff's summary judgment motion. Pursuant to USCIT Rule 12(f), a motion to strike may be granted when a party's pleading contains an insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter. Defendants seek to exclude from the record Rudloff's argument concerning the validity of the exam, and her due process argument, as well as accompanying Exhibits B through H,[7] because they were not presented to Customs or to the Secretary of the Treasury at the administrative appeals level.

---

[2] Rudloff has not made clear what exactly "core knowledge" consists of.

[3] Rudloff asserts that there is a lack of consistency in the passage rate for the Customs broker examination indicating that the test is unfair. For instance, the 2% passage rate in 1988 as compared to the 40% passage rate for the October 1994 Customs examination, demonstrates, according to Rudloff, the absence of any core standards by which the test is administered. Pl.'s Mem. in Supp. Mot. Summ. J. at 13.

[4] The protest policy and procedures accompanying the April 4, 1994 examination provided, in pertinent part, as follows:

1. Any applicant who wishes to protest the Customs scoring of any question on this examination must submit his or her own written arguments for alternative answers to Customs Headquarters *within 60 days of the date of the written Customs notification of the examination results.*
2. Applicants must submit *their own protests;* protests prepared by third parties will not be accepted.

Pl.'s Mem. in Supp. Mot. Summ. J., Ex. A at 3.

[5] Rudloff claims that the lack of fairness is further demonstrated by the fact that Customs does not award all applicants credit when a question is found to be flawed, but only awards credit to those individuals who have protested the specific question. Pl.'s Mem. in Supp. Mot. Summ. J. at 14. Plaintiff argues that Customs should be required to give credit to all applicants when an incorrect question has been asked, regardless whether or not protests have been submitted.

[6] Rudloff has abandoned the argument that she is to automatically receive credit for question 34 if the court finds that Customs procedures are somehow legally deficient. She now asserts that the court must review Customs procedures in its administration of the exam in order to bring them into conformity with the law. Pl.'s Resp. to Defs.' Mot. to Strike at 10.

[7] The exhibits include: affidavits from Customs broker course instructors attesting to the unfairness of the exam, prior Customs rulings concerning classification of pool thermometers, and an article and correspondence concerning the formulation of the exam. *See* Pl.'s Mem. in Supp. Mot. Summ. J. at Exs. B-H.

1074

DISCUSSION

In license denial cases, an applicant has a statutory right, pursuant to 19 U.S.C. § 1641(e)(4) (1988),[8] to present additional evidence to the court. The party wishing to enter the additional evidence, however, is required to seek leave from the court to present the evidence to the agency, which may modify its finding on the basis of the evidence. *Id.* In order for the additional evidence to be admitted, however, the court must find that it is material and that reasonable grounds existed for failure to present the evidence at the administrative level. *Id.* Failure to satisfy the above statutory requirements limits the record before the court to the record made before the administrative agency. *Bell v. United States,* 839 F. Supp. 874, 878 (Ct. Int'l Trade 1993).

Upon examination of the record, the court finds that Rudloff has introduced additional arguments and evidence in her motion for summary judgment that were not introduced at the administrative appeals level. Although in her response to defendants' motion to strike and stay, Rudloff contends that she clearly raised arguments relating to the unfairness and impropriety of the Customs broker examination as a whole at the administrative appeals level, the court finds otherwise. Pl.'s Resp. to Defs.' Mot. to Strike at 3, 4. In her protests to Customs, Rudloff specifically challenged the fairness of questions 33 and 34, not the fairness of the entire examination, as she contends. For instance, in her protest to question 33 Rudloff stated "[t]his question is grossly unfair. [T]he Question is unclear and vague in the analysis and presentation of the material * * *. In Conclusion, I would like to say that this question is vague, unclear and unfair * * *." *Id.,* Ex. A, at 1–2. In her protest to question 34, Rudloff also requested that Customs "consider throwing this question out, not because it might be wrong, but because it was simply not a fair question. * * * This is a bad question on which there is a great deal of dispute." *Id.* at 4.

In instances dealing with the admission of new evidence, the court has discretion as to whether or not to admit the evidence. The exercise of such judicial discretion depends upon the applicant *first meeting* the threshold requirement set forth in 19 U.S.C. § 1641(e)(4), that is, to first petition the court for the admittance of any additional evidence. *See supra* note 8. Rudloff has failed to make a motion to leave to present additional evidence. As a result of Rudloff's failure to meet this requirement, defendants' motion to strike her additional arguments contesting

---

[8] The statute provides as follows:

If any party applies to the court for leave to present additional evidence and the court is satisfied that the additional evidence is material and that reasonable grounds existed for the failure to present the evidence in the proceedings before the hearing officer, the court may order the additional evidence to be taken before the hearing officer and to be presented in a manner and upon the terms and conditions prescribed by the court. The Secretary [of the Treasury] may modify the findings of facts on the basis of the additional evidence presented. The Secretary shall then file with the court any new or modified findings of fact which shall be conclusive if supported by substantial evidence, together with a recommendation, if any, for the modification or setting aside of the original decision or order.

19 U.S.C. § 1641(e)(4).

the general validity of the Customs broker examination, based on such additional evidence, is granted.[9] In addition, factual Exhibits B, C, F-H are stricken.[10]

Furthermore, the court denies Rudloff's claim of lack of due process for failure to make this argument to the agency and on the merits. *See* 28 U.S.C. § 2637(d) (1988) ("[T]he [CIT] shall, where appropriate, require the exhaustion of administrative remedies."). Under the Administrative Procedure Act ("APA"),[11] where an agency adjudicates an application for an initial license, an applicant must be accorded appropriate process. Whether an applicant will be afforded a full adjudicative hearing will depend upon the particular governing statute. For instance, 19 U.S.C. § 1641(d)(2)(B) (1988) does not provide for any formal administrative hearings in license denial cases, in contrast to revocation or suspension cases. *See also Pietrofeso v. United States,* 16 CIT 751, 755, 801 F. Supp. 743, 747 (1992) (discussing due process rights in Customs broker licensing proceedings).

In this case, Customs provided Rudloff with a forum, pursuant to 19 C.F.R. § 111.17 (1994),[12] in which she was able to (1) present information and arguments in support of her application, (2) receive additional review of her application from the Secretary of the Treasury, at which point she was allowed the assistance of counsel, and (3) receive a determination as to her eligibility solely based upon the evidence presented and received as part of the record. In sum, the steps defendants took in addressing Rudloff's appeal provided a degree of procedural protection that was adequate to satisfy any due process concerns.

As plaintiff's additional arguments and factual exhibits are stricken or otherwise disposed of, the remainder of Rudloff's summary judgment motion is hereby designated a motion for judgment upon the agency record, as requested by defendant.

---

[9] Furthermore, plaintiff has not alleged reasonable grounds for failure to present the evidence at the administrative appeals level. For this reason, the court need not reach the issues of whether the additional evidence is admissible.

[10] Customs' rulings, such as Exhibits D and E, are law and to the extent they are relevant to question 34 they may be cited and will be considered by the court.

[11] The APA, under 5 U.S.C. § 558(c), provides in part:

> When application is made for a license required by law, the agency, with due regard for the rights and privileges of all the interested parties or adversely affected persons and within a reasonable time, shall set and complete proceedings required to be conducted in accordance with sections 556 and 557 of this title or other proceedings required by law and shall make its decision.

5 U.S.C. § 558(c) (1988).

[12] The regulation provides for review of the denial of a license as follows:

> (a) *By the Commissioner.* Upon the denial of an application for a license, the applicant may file with the Commissioner of Customs, in writing, a request that further opportunity be given for the presentation of information or arguments in support of the application by personal appearance, or in writing, or both. This request must be received by the Commissioner within 60 days of the denial.
>
> (b) *By the Secretary.* Upon the decision of the Commissioner affirming the denial of an application for a license, the applicant may file with the Secretary of the Treasury, in writing, a request for such additional review as the Secretary shall deem appropriate. This request must be received by the Secretary within 60 days of the Commissioner's affirmation of the denial of an application for a license.
>
> (c) *By the Court of International Trade.* Upon a decision of the Secretary of the Treasury affirming the denial of an application for a license, the applicant may appeal the decision to the Court of International Trade provided the appeal action is commenced within 60 days after the date of entry of the Secretary's decision.

19 C.F.R. § 111.17.

CONCLUSION

Defendants' motion to strike or deny plaintiff's additional arguments concerning the fairness of the examination as a whole and due process is granted. Defendants' motion to strike Exhibits B, C, F-H is also granted. Finally, plaintiff's summary judgment motion is designated a motion for judgment upon the agency record.