ROLANDO PORTAL, PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 95–11–01467

Dated: May 21, 1996

*Becker & Poliakoff, P.A. (Peter A. Quinter)* for plaintiff.
*Frank W. Hunger,* Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice *(Mikki Graves Walser)* for defendant.

OPINION

RESTANI, *Judge:* This matter is before the court on defendant's motion for judgment upon the administrative record pursuant to USCIT Rule 56.1(b) and plaintiff's motion to present further evidence pursuant to 19 U.S.C. § 1641(e)(4) (1994).

Plaintiff challenges the Secretary of the Treasury's (the "Secretary") denial of his application for a Customs broker's license. The denial was based on (1) plaintiff's alleged embezzlement of funds from a bank and (2) plaintiff's alleged misrepresentation to Customs of his reason for leaving the bank's employ. The Secretary's decision was supported by a report from the bank of the incident, which referenced a video tape and teller tape revealing plaintiff's use of a customer's duplicate withdrawal slip while the customer was not present, the customer's later complaint about one thousand dollars in missing funds, and plaintiff's confession to bank personnel during an interrogation. The year following his dismissal from the bank, plaintiff retracted his confession in a letter to the bank.

Plaintiff now moves to submit the tapes of the transaction, the withdrawal slips, and further explanatory information into the record.

Although 19 U.S.C. § 1641(e)(4)[1] permits the court to direct new evidence to be heard, plaintiff's request is too vague. Plaintiff does not deny that the evidence referenced in the bank report is properly described therein and he does not describe the further explanatory evidence with any specificity. Thus, there are insufficient grounds for opening the record. Accordingly, the record to be reviewed is limited to the administrative record now before the court. *See* 28 U.S.C. § 2640(a)(5), (d) (1994) (the court reviews decisions of the Secretary on the basis of the record made before it); *Bell v. United States,* 17 CIT 1220, 1224, 839 F. Supp. 874, 878 (1993) (stating, "[i]f a party fails to satisfy the statutory requirements to present additional evidence, the 'record made before the court' will be limited to the administrative record.").

The standard of review of the Secretary's decision in Customs broker's license denial cases is whether the findings are supported by *substantial evidence.* 19 U.S.C. § 1641(e)(3).

Plaintiff's retracted confession does not render the Secretary's findings unsubstantiated. Except for the confession, which is claimed to have been extracted under duress during an interrogation of several hours, the evidence is not disputed in any serious way. The agency may rely on trustworthy hearsay. *See Tarnove v. Bentsen,* 17 CIT 1324, 1325–27 (1993). Plaintiff has offered no motive by the bank for his firing, other than embezzlement. In fact, he completed restitution the day after the interrogation, by which time presumably he had had time to contemplate the matter outside the interrogation setting. There is also no dispute that plaintiff did not admit to the firing when asked by Customs about the reasons he left prior employment. He reportedly stated that he left all prior employment for better opportunities. While his next job may have been better, this was not the reason he left the bank's employ.

Customs regulations reasonably permit denial of broker's licenses to otherwise qualified persons based on, *inter alia,* lack of business integrity, engaging in unfair commercial practices, or having a reputation for dishonest or unethical conduct. *See* 19 C.F.R. § 111.16(b)(3), (5) & (6) (1995). The entire Customs entry system depends on brokers' honesty. While plaintiff may now be a law-abiding citizen and while he disputes the claim of embezzlement, the record substantiates a theft in 1991, which went unrectified for six months, and concealment of this matter from Customs. The decision of the Secretary is based upon substantial evidence that sufficient grounds for denial of the Customs broker's license existed under 19 C.F.R. § 111.16(b) and is not legally erroneous.

---

[1] Section 1641(e)(4), Title 19, United States Code, provides, in relevant part, that:

If any party applies to the court for leave to present additional evidence and the court is satisfied that the additional evidence is material and that reasonable grounds existed for the failure to present the evidence in the proceedings before the hearing officer, the court may order the additional evidence to be taken before the hearing officer and to be presented in a manner and upon the terms and conditions prescribed by the court. The Secretary may modify the findings of facts on the basis of the additional evidence presented.

*Id.*