**Slip Op. 04-69**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: RICHARD W. GOLDBERG, SENIOR JUDGE**

| | |
|---|---|
| ABEL VALDEZ,<br><br>  Plaintiff,<br><br> v.<br><br> UNITED STATES<br> SECRETARY OF THE TREASURY,<br><br>  Defendant. | Court No. 03-00032 |

[Denial of customs broker's license sustained; defendant's motion for summary judgment granted.]

Dated: June 16, 2004

Law Office of Monica Zapata Notzon (Monica Z. Notzon) for plaintiff Abel Valdez.

Peter D. Keisler, Assistant Attorney General, Barbara S. Williams, Attorney in Charge, Harry A. Valetk, Civil Division, Commercial Litigation Branch, United States Department of Justice; Diane Galiano and James N. DeStefano, Office of Assistant Chief Counsel, International Trade Litigation, United States Bureau of Customs and Border Protection, Of Counsel, for defendant United States.

**OPINION**

**GOLDBERG, Senior Judge**: This matter is before the Court on plaintiff's motion for summary judgment on the pleadings and defendant's motion for summary judgment on the administrative record pursuant to USCIT R. 56.1(a).  Plaintiff Abel Valdez challenges the decision of the Deputy Assistant Secretary of the

Department of Treasury ("Treasury" or "Secretary") affirming the U.S. Bureau of Customs and Border Protection's ("Customs") denial of his application for a customs broker's license.

For the reasons that follow, the Court finds that Treasury's decision to deny Valdez his customs broker's license was reasonable and supported by substantial evidence. The Court has jurisdiction pursuant to 28 U.S.C. § 1581(g).

## I. BACKGROUND

Plaintiff Abel Valdez filed his application for a customs broker's license on February 29, 2000. He passed the written examination in April 2000. To obtain a license, an applicant must also pass a background investigation. After reviewing Valdez's application and the results of a standard background investigation, the Port Director at Laredo, Texas recommended that a license be issued to Valdez in a memorandum dated May 19, 2001. See Administrative Record ("AR"), Doc. 7. Upon request by Customs Headquarters, the Office of Investigations at Laredo re-opened the investigation for Valdez. The basis for re-opening the investigation was information that Valdez's automobile had been seized by the Drug Enforcement Administration in a currency seizure. See AR, Doc. 8. Furthermore, Valdez's brother was a fugitive being sought by Customs for conspiracy to smuggle marijuana into the United States. Customs also requested and obtained from Valdez a copy of a Chapter 13 bankruptcy filing

that Valdez had disclosed in his application, proof of discharge, and a recent credit report.  The credit report, dated July 16, 2001, listed two judgments, a state tax lien, and a dismissed bankruptcy action.

Based on the above information, Customs denied Valdez's application in a letter dated January 8, 2002.  See AR, Doc. 12. Valdez appealed the denial pursuant to 19 C.F.R. § 111.17.  On July 24, 2002, Customs informed Valdez that it was unable to approve his application upon review by the Broker Licensing Review Board.  Valdez appealed to Treasury, which upheld the denial on November 21, 2002.  Valdez timely appealed Treasury's decision to the Court of International Trade.

## II. DISCUSSION

### A.    Standard of Review

The decision of the Secretary to deny a customs broker's license will be upheld by the Court as a matter of law unless arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.  See O'Quinn v. United States, 24 CIT 324, 325, 100 F. Supp. 2d 1136, 1138 (2000).  Findings of fact by the Secretary supporting a customs broker's license denial shall be conclusive if supported by substantial evidence.  19 U.S.C. § 1641(e)(3); see also Bell v. United States, 17 CIT 1220, 1223-25, 839 F. Supp. 874, 877-79 (1993).

**B.   Denial of Plaintiff's Application for a Customs Broker's License was Reasonable and Supported by Substantial Evidence**

The Secretary has authority over matters involving customs brokers, including issuing licenses under 19 U.S.C. § 1641(b). The Secretary exercised his statutory authority to reject Valdez's appeal and sustain Customs' denial pursuant to 19 C.F.R. §§ 111.16(b)(1) and (3), which provide that an application for a license may be denied for:

> (1) Any cause which would justify suspension or revocation of the license of a broker under the provisions of § 111.53; [or]
>
> (3) A failure to establish the business integrity and good character of the applicant[.]

19 C.F.R. §§ 111.16(b)(1) and (3).

In its denial letter, Customs cited "several instances of financial difficulties, including debts which were incorporated into a Chapter 13 bankruptcy in May 1998, two judgments filed against [Valdez] (one was satisfied), a state tax lien in the amount of $12,599 and large overdue cellular phone bills." See AR, Doc. 12. As a result, Customs determined that Valdez had failed to establish his business integrity and good character, as required by 19 C.F.R. § 111.16(b)(3). In addition, Customs concluded that Valdez had violated 19 C.F.R. § 111.16(b)(1) by failing to disclose the two judgments and the tax lien against him. Under § 111.53, referenced in § 111.16(b)(1), a broker's

license may be suspended or revoked for "omitt[ing] to state in any application or report any material fact which was required." 19 C.F.R. § 111.53(a).

The Secretary affirmed Customs' decision under § 111.16(b)(3) based on the accumulation of a large amount of debt by Valdez and his failure to meet other financial obligations. See AR, Doc. 18. The Secretary determined that the manner in which Valdez handled his personal finances justified Customs' concern that he would continue to demonstrate a lack of financial responsibility in the future.

Valdez argues that the Secretary's decision was erroneous on two distinct grounds. First, Valdez claims that the denial was actually driven by "criminal concerns" – namely, the fact that his brother is a fugitive. Although the record indicates that Customs was concerned with Valdez's relationship with his brother, there is absolutely no mention of it in the Secretary's decision. Accordingly, the Court finds it unnecessary to engage in further inquiry on this issue.

Second, Valdez challenges the Secretary's reference to his debts. Specifically, Valdez argues that the majority of the debts belonged to his ex-wife after being awarded to her in divorce proceedings in 1999. See AR, Doc. 15, Ex. B (Agreed Final Divorce Decree). According to Valdez, these debts were not his responsibility and thus the accumulation of a large amount of

debt cited in the Secretary's decision was not adequately substantiated. As further evidence of his financial responsibility, Valdez points to a credit report dated January 2003 showing that he has resolved debts belonging to his ex-wife.[1] Upon considering the record made before the Court, the Court finds that the Secretary reasonably concluded that Valdez failed to address the debts accumulated in his name in a sufficiently thorough and timely manner, thereby demonstrating a lack of financial responsibility. See Chang v. United States, 26 CIT __, __, Slip Op. 02-126, at 7 (Oct. 24, 2002) ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.") (internal citation omitted). Accordingly, the Court affirms the Secretary's decision that Valdez failed to establish the business integrity and good character required by 19 C.F.R. § 111.16(b)(3).

### III. CONCLUSION

For the aforementioned reasons, the Court holds that the Secretary's denial of plaintiff's application for a customs

---

[1] Valdez submitted this credit report as part of his complaint. See AR, Doc. 20, Ex. E. As defendant correctly notes, it was not properly presented to the Court and thus cannot be considered by the Court. The 2003 credit report is not a part of the administrative record, and Valdez failed to seek leave from the Court before providing this new information as required by 19 U.S.C. § 1641(e)(4). See Bell, 17 CIT at 1225, 839 F. Supp. at 879.

broker's license under 19 C.F.R. § 111.16(b)(3) was reasonable and supported by substantial evidence.  Accordingly, the Secretary's decision is sustained.

Defendant's motion for summary judgment on the administrative record is granted.  Plaintiff's motion for summary judgment on the pleadings is denied.

Judgment for defendant will be entered accordingly.


/s/ Richard W. Goldberg
_____
**Richard W. Goldberg**
**Senior Judge**


**Date:   June 16, 2004**
**New York, New York**